IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

KAYLEE BODINE,                              )
                                            )
      Plaintiff,                         )       *Electronically Filed*
                                            )
v.                                          )       Case No.   3:25-cv-597-CHB
                                            )
LUXCO, INC.,                                )
                                            )
      Defendant.                         )

## NOTICE OF REMOVAL

Defendant Luxco, Inc. ("Luxco"), by and through the undersigned counsel, hereby removes Case No. 25-Cl-000523, *Kaylee Bodine v. Luxco, Inc.*, an action from the Nelson County Circuit Court in the State of Kentucky ("State Court Action"), to the United States District Court for the Western District of Kentucky. Luxco removes the State Court Action under 28 U.S.C. § 1332, on the factual and legal grounds discussed below.

## I.   PLEADINGS, PROCESS, AND ORDERS

1.      On or about August 11, 2025, the above-captioned action was commenced in the Nelson County Circuit Court, entitled *Kaylee Bodine v. Luxco, Inc.*, and assigned Case No. 25-Cl-000523 ("Complaint").

2.      On August 18, 2025, Luxco was served with a Summons and the Complaint. A complete copy of the file from the State Court Action, including a copy of the Summons, Complaint, and all pleadings, process, and orders served on Luxco and all documents filed in the State Court Action is attached hereto as **Exhibit A**, in accordance with 28 U.S.C. § 1446(a) and Local Rule 81.1.

3.    For purposes of removal, Luxco relies on allegations contained in the Complaint. Luxco does not admit, and indeed specifically denies, that it employed Plaintiff or paid her any wages. Luxco further disputes that Plaintiff is entitled to any damages whatsoever.

4.    In alleging that Luxco was her employer pursuant to Kentucky law, Plaintiff stated the following:

> Under Kentucky law, the "joint employment" doctrine recognizes that an employee may have more than one employer for purposes of liability under the Kentucky Civil Rights Act ("KCRA"). Where two or more entities share or co-determine the essential terms and conditions of employment—such as hiring, firing, supervision, scheduling, discipline, or compensation—each may be deemed a joint employer and held jointly and severally liable for unlawful employment practices. See e.g., W. Ky. Coca-Cola Bottling Co. v. Wray, 967 S.W.2d 183, 185-86 (Ky. 1998) (looking to common-law agency factors in determining employment relationship); Stevens v. Mid-Continent Investments, Inc., No. 3:05-CV-602-H, 2006 WL 8445402, at *2-3 (W.D. Ky. June 20, 2006) (applying joint employer principles under the KCRA consistent with federal Title VII analysis).

Complaint, ¶ 4, n.2. **However, these cases cited by Plaintiff do not appear to be legitimate cases and were likely generated (or hallucinated) by AI**.

## IV.    DIVERSITY JURISDICTION

5.    As explained in further detail below, this Court has diversity jurisdiction over Plaintiff's State Court Action under 28 U.S.C. § 1332, because complete diversity of citizenship exists between the parties and because the amount in controversy exceeds $75,000, exclusive of interest and costs.

### A.  Citizenship

6.    For the purposes of diversity jurisdiction, a natural person is a citizen of the state where she is domiciled. *Certain Interested Underwriters at Lloyd's, London, England v. Layne*, 26 F.3d 39, 41 (6th Cir. 1994) (citing *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir. 1990)). Domicile, and therefore citizenship, is determined by a person's physical presence in a state along with her intent to remain there indefinitely. *See, e.g.*, *Miss. Band of Choctaw Indians v. Holyfield*,

490 U.S. 30, 48 (1989). Upon information and belief, Plaintiff was at the time of the filing of this action, and remains, a resident and citizen of the State of Kentucky. Complaint, ¶ 1.

7. For the purposes of diversity jurisdiction, a corporation is deemed a citizen of both its state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). A corporation's principal place of business is "the place where a corporation's officers direct, control, and coordinate the corporation's activities," in other words, the corporation's "nerve center." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

8. Luxco, Inc., is a Missouri corporation with its principal place of business in Atchison, Kansas, and with all of its membership interest owned by MGP Ingredients, Inc. MGP Ingredients, Inc., is a Kansas corporation with its principal place of business in Atchison, Kansas. Luxco is thus a citizen of Missouri and Kansas.

9. Because Plaintiff is a citizen of Kentucky and Luxco is a citizen of Missouri and Kansas, all Plaintiffs in the State Court Action are citizens of different states from all Defendants. Therefore, complete diversity of citizenship exists between the parties.

**B. Amount in Controversy**

10. To satisfy 28 U.S.C. § 1332(a), the amount in controversy, exclusive of interest and costs, must exceed $75,000.

11. The Complaint does not specify the total amount in controversy within its prayer for relief. *See* Complaint, Section V.

12. Plaintiff alleges "the amount in controversy exceeds the jurisdictional minimum of [the] Circuit Court but is less than $75,000 inclusive of fees, punitive damages, and the fair value of any injunctive relief." Complaint, ¶ 3. However, "a statement in a complaint declaring that the plaintiff is seeking less than $75,000 is insufficient to affirmatively establish that the amount in

controversy for diversity jurisdiction cannot be met." *Cook v. Estate of Moore*, 2012 WL 5398064, at *1 (W.D. Ky. Nov. 2, 2012); *see also Stokes v. Faurecia Emissions Control Sys. NA, LLC*, No. 3:22-CV-112-DJH-CHL, 2022 WL 3691109, at *2 (W.D. Ky. Aug. 15, 2022) (neither Plaintiff's complaint stating that she is seeking less than $75,000 in damages nor her post-removal stipulation stating the same defeat the amount-in-controversy requirement).

13.    Where pleading rules do not permit a demand for a specific sum or permit recovery above the amount prayed for, a defendant may assert the amount in controversy in its notice of removal. 28 U.S.C. 1446(c)(2)(A)(ii); *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000).

14.    Kentucky law prohibits a plaintiff from stating a specific sum as alleged damages, and also permits recovery in excess of the amount prayed for. Ky. R. Civ. P. 8.01(2); Ky. R. Civ. P. 54.03(2).

15.    Plaintiff seeks, *inter alia*, compensatory damages including, but not limited to, past and future lost wages. Complaint, §V(C). Plaintiff last worked for Luxco in July 2025; at the time, she earned $17.00 per hour. Compl., ¶ 4.

16.    Approximately two months have elapsed between Plaintiff's last day of work and the date of removal.

17.    "Back pay accrued through the projected trial date is properly included in the amount-in-controversy calculation where—as here—the plaintiff seeks past and future wages." *Blocker v. PPG Indus., Inc.*, No. 3:17-CV-29-DJH, 2017 WL 3431136, at *3 (W.D. Ky. Aug. 9, 2017) (cleaned up). In the Sixth Circuit, the average time from filing to trial is 31.1 months. ADMINISTRATIVE OFFICE OF THE U.S. COURTS, *Federal Judicial Caseload Statistics, U.S. District Courts–Median Time Intervals From Filing to Disposition of Civil Cases Terminated, by District*

- 4 -

*and Method of Disposition, During the 12-Month Period Ending March 31, 2025* (March 31, 2025), https://www.uscourts.gov/data-news/data-tables/2025/03/31/federal-judicial-caseload-statistics/c-5.[1] Because this case is being removed approximately two months after Plaintiff resigned from her employment with Luxco, the total months to trial becomes 33.1 months. *Id.*; Compl., ¶¶ 4, 8.

18.    Plaintiff's potential back pay damages through trial amount to approximately $90,000.00.

19.    Plaintiff also seeks compensatory damages for past and future lost benefits, emotional distress, mental anguish, humiliation, and embarrassment, punitive damages, and attorneys' fees. Complaint, § V(C)-(F). This Court, in the context of diversity jurisdiction, has previously approved a valuation of emotional distress damages as at least equal to compensatory damages. *See Bierne v. Faurecia Exhaust Sys., Inc.*, 2014 WL 3966382, at *3 (W.D. Ky. Aug. 13, 2014).

20.    Further, Luxco is permitted to demonstrate the amount in controversy by introducing evidence of jury verdicts in analogous cases. *Polly v. Nat'l Trust Ins. Co.*, 2019 WL 11641059, at *2 (E.D. Ky. May 16, 2019). Plaintiff's Complaint includes claims for unlawful discharge, retaliatory discharge, pregnancy discrimination, and disability discrimination under the Kentucky Civil Rights Act ("KCRA"). *See, e.g.*, *Rhinehimer v. U.S. Bancorp Investments, Inc.*, 2013 WL 9235343 (E.D. Ky. Oct. 8, 2013) (awarding $250,000 in compensatory damages for pain and suffering and future wages in a case involving wrongful termination and other employment claims), *aff'd*, 787 F.3d 797 (6th Cir. 2015); *Banker v. Univ. of Louisville Athletic Assoc., Inc.*, 466 S.W.3d 456, 464 (Ky. 2015) (upholding $300,000 emotional distress verdict for violation of the

---

[1] For ease of reference, please find a PDF of this chart attached as **Exhibit B**.

KCRA). Notably, Plaintiff also seeks punitive damages. Evidence from additional jury verdicts demonstrates that the addition of punitive damages would cause Plaintiff's possible recovery to far exceed $75,000. *Layne v. Huish Detergents, Inc.*, 2000 WL 33943377 (W.D. Ky. May 2000) (awarding $100,000 in punitive damages alone in a case involving employment discrimination and retaliation claims), *aff'd*, 40 F. App'x 200 (6th Cir. 2002).

21.    Without admitting any liability whatsoever, and the same being expressly denied, Luxco is informed and believes that, if Plaintiff's claims were proven true, at the time of removal she would be entitled to damages totaling over $75,000.00.

22.    Thus, Plaintiff seeks more than $75,000.00 in damages and relief. The amount in controversy requirement of 28 U.S.C. § 1332 is satisfied.

## V.    **VENUE**

23.    Venue is appropriate in this Court, under 28 U.S.C. § 1391(b)(2), because a substantial part of the alleged events or omissions giving rise to Plaintiff's claims occurred in Nelson County, Kentucky, and the Nelson County Circuit Court, State of Kentucky, is within this District. Complaint, ¶ 3.

## VI.    **TIMELINESS OF REMOVAL**

24.    This Notice of Removal is timely filed.

25.    Plaintiff filed the Complaint on or about August 11, 2025. Luxco was served with the Summons and Complaint on August 18, 2025.

26.    Luxco now files this Notice of Removal within 30 days of receiving service of the Summons and Complaint, and within one year of the date on which the Complaint was filed.

## VII.        LUXCO HAS SATISFIED ALL OTHER REQUIREMENTS FOR REMOVAL

27.    Luxco filed a notice of removal and a copy of this Notice in the Circuit Court of the County of Nelson, State of Kentucky, in accordance with 28 U.S.C. § 1446(d).

28.    Luxco has served Plaintiff with a copy of this Notice, pursuant to 28 U.S.C. § 1446(d).

29.    For the foregoing reasons, this Court has original jurisdiction over this lawsuit. 28 U.S.C. § 1332.

WHEREFORE, Luxco removes to this Court the action captioned as *Kaylee Bodine v. Luxco, Inc.*, Case No. 25-CI-00523, from the Nelson County Circuit Court in Bardstown, Kentucky to this Court.

Respectfully submitted,

**STOLL KEENON OGDEN**

By:/s/ *Steven T. Clark*
Steven T. Clark, #95745KY
400 West Market Street, Suite 2700
Louisville, Kentucky 40202
(502) 568-5788 (telephone)
(502) 333-6099 (facsimile)
steven.clark@skofirm.com

- AND -

**THOMPSON COBURN LLP**

Becky M. Christensen, #62798MO
(*Pro hac vice* forthcoming)
Rachel A. Ford, #74651MO
(*Pro hac vice* forthcoming)
One U.S. Bank Plaza, Suite 2700
St. Louis, Missouri 63101
(314) 552-6000 (telephone)
(314) 552-7000 (facsimile)
bchristensen@thompsoncoburn.com
rford@thompsoncoburn.com
*Attorneys for Luxco, Inc.*

- 8 -

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on this 15th day of September, 2025, a true and correct copy of the foregoing has been served electronically via the ECF system to:

Kurt A. Scharfenberger
900 Wessex Place, Suite 204
Louisville, Kentucky 40222
(502) 561-0777
kurt@scharfenberger-law.com


*/s/ Steven T. Clark*